**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                    (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Alachua Government Services, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Ology Bioservices, Inc.<br>Resilience Government Services, Inc.<br>OBS Merger Sub, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 5 9 – 3 6 1 5 3 7 0 |

4. **Debtor's address**

   **Principal place of business**

   13200   NW Nano Court
   Number   Street

   _____

   Alachua          FL   32615
   City             State ZIP Code

   Alachua
   County

   **Mailing address, if different from principal place of business**

   _____
   Number   Street

   _____
   P.O. Box

   _____
   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number   Street

   _____

   _____
   City   State   ZIP Code

5. **Debtor's website** (URL)  _____

Debtor  **Alachua Government Services, Inc.**    Case number *(if known)*_____
       Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ☐ Partnership (excluding LLP) |
|   |   | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  3   2   5   4

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
|---|---|---|
|   | If more than 2 cases, attach a separate list. | ☐ Yes.  District _____  When _____  Case number _____ |
|   |   |                                              MM / DD / YYYY |
|   |   |           District _____  When _____  Case number _____ |
|   |   |                                              MM / DD / YYYY |

Debtor  Alachua Government Services, Inc.  
     Name

Case number (if known) _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No  
☒ Yes.  
  Debtor   Bedmar, LLC  
  District   Delaware  
  Case number, if known   25-11027 (JKS)  

Relationship   Affiliate  
When   06/09/2025  
    MM / DD / YYYY

---

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
    Number   Street

_____  

_____   _____  _____  
City                                                                                         State   ZIP Code

**Is the property insured?**  
☐ No  
☐ Yes. Insurance agency _____  
       Contact name   _____  
       Phone   _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:  
☒ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49  
☐ 50-99  
☐ 100-199  
☐ 200-999  

☒ 1,000-5,000  
☐ 5,001-10,000  
☐ 10,001-25,000  

☐ 25,001-50,000  
☐ 50,001-100,000  
☐ More than 100,000

---

Debtor  Alachua Government Services, Inc.
       Name

Case number (if known) _____

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/06/2025
             MM / DD / YYYY

✗ _Janet R. Naifeh_           Janet R. Naifeh
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

### 18. Signature of attorney

✗ _Michael J. Merchant_           Date  07/06/2025
Signature of attorney for debtor                MM / DD / YYYY

Michael J. Merchant
Printed name

Richards, Layton & Finger, P.A.
Firm name

920        North King Street
Number     Street

Wilmington                DE        19801
City                      State     ZIP Code

(302) 651-7700            merchant@rlf.com
Contact phone             Email address

3854                      DE
Bar number                State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Alachua Government Services, Inc. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the: District of Delaware | |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders     12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | UNITED STATES INTERNATIONAL DEVELOPMENT FINANCE CORPORATION<br>1100 NEW YORK AVE NW<br>WASHINGTON, DC  20527 | CONTACT: DEV JAGADESAN<br>PHONE: 202-336-8400<br>NOTICES@DFC.GOV | LOAN GUARANTEE CLAIM | C | | | $246,000,000.00 |
| 2 | DEFENSE CONTRACT MANAGEMENT AGENCY<br>3555 MAGUIRE BOULEVARD<br>ORLANDO, FL  32803-3799 | CONTACT: ERIC HENSLEY, ADMINISTRATIVE CONTRACTING OFFICER<br>PHONE: 727-405-7791<br>FAX: 407-228-5264<br>ERIC.P.HENSLEY.CIV@MAIL.MIL | AUDIT CLAIM | D | | | $11,950,584.00 |
| 3 | SIGMA-ALDRICH, INC.<br>3050 SPRUCE STREET<br>SAINT LOUIS, MO  63103 | CONTACT: LIHKITH D A, CASH COLLECTIONS, AR<br>PHONE: 314-289-6027<br>LIKHITH.D-A@MERCKGROUP.COM | TRADE | | | | $1,332,029.95 |
| 4 | ADVANCED BIOSCIENCE LABORATORIES INC<br>9800 MEDICAL CENTER DRIVE BLDG D<br>ROCKVILLE, MD  20850 | CONTACT: PAMELA NEPOMUCENO, AR SUPERVISOR<br>PHONE: 301-881-5600<br>PAMELA.NEPOMUCENO@ABLINC.COM | TRADE | | | | $604,124.27 |
| 5 | BATTELLE MEMORIAL INSTITUTE<br>DEPT L 998<br>COLUMBUS, OH  43260 | CONTACT: MICHELLE VANZANDT<br>PHONE: 614-424-3796<br>VANZANDTM@BATTELLE.ORG | TRADE | | | | $371,216.45 |

Debtor: Alachua Government Services, Inc.     Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  ICON-GPHS<br>1265 RIDGE ROAD<br>HENKLEY, OH  44233 | CONTACT: JODY JACKSON<br>PHONE: 800-431-9640<br>JODY.JACKSON@ICONPLC.COM | TRADE | | | | $278,134.32 |
| 7  AGILENT TECHNOLOGIES, INC.<br>4187 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL  60693 | CONTACT: NOLAN PACHCIARZ<br>PHONE: 800-227-9770 OPT 1 THEN 5<br>AGREEMENTS_LFSSUPPORT@AGILENT.COM;<br>NOLAN.PACHCIARZ@AGILENT.COM | TRADE | | | | $194,750.82 |
| 8  CAPRI/EGM-VA ACQUISION, LP<br>200 WEST MADISON, SUITE 2800<br>CHICAGO, IL  60606 | PHONE: 312-827-2270<br>CONTACT@CAPRI-EGM.COM | TRADE | | | | $183,281.25 |
| 9  OELRICH CONST INC.<br>275 NW 137TH DRIVE<br>SUITE A<br>JONESVILLE, FL  32669 | CONTACT: ASHLEY OELRICH<br>PHONE: 352-745-7877<br>AOELRICH@OELRICHCONSTRUCTION.COM | TRADE | | | | $137,694.00 |
| 10  BIO-RAD LABORATORIES<br>1000 ALDRED NOBLE DRIVE<br>HERCULES, CA  94547 | CONTACT: KIMBERLY HEESZEL<br>PHONE: 510-447-0128<br>KIMBERLY.HEESZEL@BIO-RAD.COM;<br>LSG_SERVICECONTRACTS@BIO-RAD.COM | TRADE | | | | $84,965.09 |
| 11  NEXA<br>4593 DEEP CREEK WAY<br>DOYLESTOWN, PA  18902 | CONTACT: JASON WHITE<br>PHONE: 508 649 6259<br>JASON.WHITE@NEXAEAM.COM | TRADE | | | | $77,140.00 |
| 12  NEXUS PHARMACEUTICALS<br>400 KNIGHTSBRIDGE PKWY<br>LINCOLNSHIRE, IL  60069 | CONTACT: PATRICIA DAY<br>PHONE: 847-996-3790<br>PDAY@NEXUSPHARMA.NET | TRADE | | | | $64,549.00 |
| 13  UES<br>5561 FLORIDA MINING BLVD SOUTH<br>JACKSONVILLE, FL  32257 | CONTACT: RICK KUSHNER<br>PHONE: 904-296-0757<br>UESAR@TEAMUES.COM;<br>RKUSHNER@TEAMUES.COM | TRADE | | | | $59,164.00 |
| 14  CITY WIDE FACILITY SOLUTIONS<br>9799 US HIGHWAY 301<br>HAMPTON, FL  32044 | CONTACT: ALEX HARMS<br>PHONE: 904-737-4969<br>AHARMS@GOCITYWIDE.COM | TRADE | | | | $49,521.02 |
| 15  G&I IX MARINA VILLAGE RESEARCH PARK LP<br>220 EAST 42ND STREET<br>27TH FLOOR<br>NEW YORK, NY  10017 | CONTACT: DAN J. PORITZKY<br>PHONE: 415-378-2129<br>DPORITZKY@BLUERISEVENTURES.COM | LANDLORD GUC | | | | $47,030.00 |
| 16  PACKAGING TECH & INSP<br>8 SKYLINE DR<br>HAWTHORNE, NY  10532 | CONTACT: RUTH HARVIN<br>PHONE: 914-337-2005<br>R.HARVIN@PTI-CCIT.COM | TRADE | | | | $38,530.00 |
| 17  AFTON SCIENTIFIC<br>2020 AVON COURT<br>SUITE 1<br>CHARLOTTESVILLE, VA  22902 | CONTACT: KATHERINE BRANDT<br>PHONE: 434-979-3737<br>KBRANDT@AFTONSCIENTIFIC.COM | TRADE | | | | $35,791.87 |

Debtor: Alachua Government Services, Inc.     Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18  ALLUCENT (US) LLC 20000 CENTREGREEN WAY SUITE 300 CARY, NC  27513 | CONTACT: CHANDANA KP PHONE: 919-361-2286 RDCFINANCE@ALLUCENT.COM | TRADE | | | | $30,547.75 |
| 19  ADVANCED INSTRUMENTS 2 TECHNOLOGY WAY NORWOOD, MA  02062 | CONTACT: NAV LABANA PHONE: 339-206-8939 NAVL@AICOMPANIES.COM; ORDERS@AICOMPANIES.COM | TRADE | | | | $30,481.00 |
| 20  GENVAIULT TRANSPORT SERVICES 1351 IMPERIAL WAY WEST DEPTFORD, NJ  08066 | CONTACT: C. LAVINE PHONE: 609-206-9307 CLAVINE@GENVAULT.COM | TRADE | | | | $30,000.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ALACHUA GOVERNMENT SERVICES, INC., | ) Case No. 25-_____ (___) |
| Debtor.[1] | ) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Alachua Government Services, Inc. as the debtor and debtor in possession (the "**Debtor**") in the above captioned chapter 11 case, the best of its knowledge, information, and belief, hereby states as follows:

1. AGS Holdco, LLC owns 100% of the equity interests of the Debtor.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: Alachua Government Services, Inc. (5370). The Debtor's mailing address is 13200 NW Nano Court Alachua, Florida 32615.

**Fill in this information to identify the case:**

Debtor name: __Alachua Government Services, Inc.__

United States Bankruptcy Court for the: District of __Delaware__
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING –** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ✓ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ✓ Other documents that require a declaration **Consolidated Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/06/2025__
MM / DD / YYYY

X __/s/ Janet R. Naifeh__
Signature of individual signing on behalf of debtor

__Janet R. Naifeh__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

**Alachua Government Services, Inc.**

Written Consent of Board of Directors
Pursuant to Section 141(f) of the General Corporation Law

July 6, 2025

The undersigned, being the sole independent director (the "**Independent Director**") and sole member of the board of directors (the "**Board**") of Alachua Government Services, Inc., a Delaware corporation (the "**Company**"), pursuant to Section 141(f) of the Delaware General Corporation Law and in accordance with the requirements of the Company's governing documents, DOES HEREBY CONSENT to the adoption of, and DOES HEREBY ADOPT, the following resolutions:

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties that a petition commencing a chapter 11 case (the "**Chapter 11 Case**") be filed by the Company to seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as attorneys for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of FTI Consulting, Inc. ("**FTI**"), to provide the Company with certain restructuring and advisory services, including providing Janet R. Naifeh to serve as Chief Restructuring Officer (the "**CRO**") to the Company, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Jefferies LLC and Jefferies International Limited (collectively, "**Jefferies**"), as investment banker for the Company, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Epiq Corporate Restructuring, LLC ("**Epiq**"), as claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties to, enter into a services agreement (the "**Services Agreement**") with National Resilience Holdco, Inc. and Resilience US,

LLC, as services provider (collectively, the "**Service Provider**") to provide certain services, including but not limited to, corporate, accounting, tax and finances services, insurance services, information technology services and human resources and employee benefit services (collectively, the "**Services**") to the Company;

WHEREAS, in the judgment of the Board, debtor-in possession-financing ("**DIP Financing**") is required in order to administer the Chapter 11 Case and entry into a DIP Financing facility (the "**DIP Facility**"), evidenced by a binding term sheet, promissory note and/or credit agreement by and among, inter alia, the Company, as borrower, and JMB Capital Partners Lending, LLC, as DIP lender thereunder, is desirable and in the best interests of the Company, its stockholders, its creditors, and other interested parties;

NOW, THEREFORE, BE IT RESOLVED, that the Company (and the Independent Director on behalf of the Company) shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and be it further

RESOLVED that the Independent Director, the CRO and the Company (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company to: (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and be it further

RESOLVED that it is in the best interests of the Company to enter into the Services Agreement on terms and conditions substantially similar to those set forth in the form of the previously provided to the Board, together with such changes therein and additions thereto as any Authorized Person, who may act without the joinder of any other Authorized Person, executing the same may deem necessary or appropriate (with such execution being conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED that the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company: (a) RL&F, as attorneys for the Company; (b) FTI, to provide the Company with the CRO and certain restructuring and advisory services; (c) Jefferies, to provide the Company with investment banking services; (d) Epiq, as claims and noticing agent and administrative advisor for the Company; and (e) such additional

professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and be it further

RESOLVED that the Company shall be, and hereby is, authorized to: (a) negotiate, execute, and enter into a DIP Facility and take all actions necessary and appropriate to obtain DIP Financing according to the terms negotiated by such Authorized Person, including under one or more loan agreements, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, mortgages, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**Financing Transactions**") as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and be it further

RESOLVED that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, be, and each hereby is, authorized and empowered to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company and its subsidiaries consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it further

RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

RESOLVED that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

*\*\*\**

An executed copy of this Unanimous Written Consent may be executed in one or more counterparts and shall be filed with the minutes of the proceedings of the Board.

4

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board in office, has executed this Unanimous Written Consent as of the date set forth above.

*David Mack*
_____
Name: David J. Mack
Title: Independent Director